By the Court.—Monell, J.
The defence of another action pending was an attempt by the defendants to avail themselves of a provision of law which would seem, perhaps, to allow it. It is provided that the court may settle any controversy between the parties before it (Code, § 122), if it can be done without prejudice to the rights of others.
I have no doubt that in the foreclosure suit of Mr. Stevenson, it was within the power of the court, upon a *359 proper issue "between the plaintiff in this action and the mortgagor in that, to have tried and determined the controversy "between those parties. The foreclosure suit could have gone on, and need not have "been delayed "by the side issue. The determination of the controversy, if in favor of the mortgagor, would have affected the plaintiff’s claim to the surplus, had there "been any, to the extent of the money detained "by Barker, and nothing more.
This might have "been done. But as it was a controversy solely between the plaintiff and defendant in this action, in Avhich the plaintiff in the other action had no interest whatever, it required at least the consent of all parties concerned in the controversy.
Had Mrs. Fink taken issue in that action to the claim Allen made, such issue might have been determined in that action; but it would have been in effect an independent action between those parties.
I do not understand the law referred to, to mean that parties defendants can be allowed, in an action where they are made defendants, to settle any controversies they may have, unless it is done by their voluntary submission. A defendant cannot be compelled to litigate , under such circumstances ; and if he refuses to do so, he will not be estopped or debarred of his cause of action or defence.
The plaintiff in this action did not accept the challenge of the defendant to settle their differences in the other action; and nothing was or could be settled without his submission.
But the section of the Code referred to means no more than that defendants who have appeared and answered respecting the plaintiff’s claim may, as a part of the adjustment of that claim, have the equities between themselves, in respect to such joint claim, adjusted in that action (Kay v. Whittaker, 44 N. Y. R. 565, 576).
Such a state of things does not exist in this case. The *360 controversy sought to have been brought into the former suit was apart from, and wholly independent 'of, the plaintiff’s claim in that action, and therefore could not, at least without the consent of both the parties, be determined in that action.
The defence of another action pending was correctly overruled.
The other defence, of part payment or of partial failure of consideration, rests solely upon whether the plaintiff is to be held responsible for the acts of Barker.
Upon the evidence, the learned judge has found that Barker was the defendant’s agent “to clear the title of this incumbranceand was not the plaintiff’s agent for any such purpose; his finding in that regard being, that Barker had no ‘ ‘ authority to do or omit to do anything in respect to the Stevenson mortgage.”
It is apparent that the defendant, when he left the amount of the Stevenson mortgage in Barker’s hands, was led to do so by the representation of Barker that he already had the satisfaction piece, and by his promise to deliver it to the register, and have the mortgage cancelled of record. But I cannot find that in making such representation and promise, Barker was acting for or on behalf of the plaintiff. Certainly there is no evidence that it was within any authority which the plaintiff had given him. As the learned judge says in' his findings, the plaintiff “knew nothing about the Stevenson mortgage at that time ; was under no. obligation to clear the title of the incumbrance, and assumed no such obligation.”
These findings of fact, are, I think, abundantly supported by the evidence, and are destructive of the defence.
The judgment should be affirmed, with costs.
Sedgwick, J., concurred.